PETER F. CARR *vs.* AMERICAN LOCOMOTIVE COMPANY.

MARCH 3, 1910.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1) *Allowance of Exceptions.*

Upon petition of a party plaintiff to establish an exception disallowed by the trial court, even if an exception could be taken to the reason given by the trial judge for a decision, instead of to the decision itself:—

*Held*, properly disallowed.

(2) *Disallowance of Exceptions.*

Upon petition of a party plaintiff for the disallowance of certain exceptions of defendant, alleged to have been improperly allowed by the trial court, none of the reasons involving either the correctness of the transcript or of the statement of the exceptions as actually taken:—

*Held*, that the validity of the exceptions was not in question in such proceeding, but only their correctness.

TRESPASS ON THE CASE. Heard on petition of plaintiff for establishment and disallowance of exceptions.

BLODGETT, J. At the close of the evidence in this action on the case for negligence, the defendant moved for the direction of a verdict, which was denied and duly excepted to, and the jury rendered a verdict for the plaintiff. The defendant then moved for a new trial in the trial court, and the motion was granted and the plaintiff excepted thereto. Each of the parties has presented a bill of exceptions to this court, and the case is now here upon the petition of the plaintiff to establish his sixth

exception, which was disallowed by the trial court, and to disallow certain of the defendant's exceptions which the plaintiff contends were improperly allowed by the court below.

As to the plaintiff's sixth exception, we are of the opinion, after carefully considering the rescript of the trial justice, that the construction sought to be given to the language of the court is not the correct construction thereof, even if an exception could be taken to the reason given by the trial judge for a decision instead of to the decision itself, and that said sixth exception was properly disallowed by the Superior Court.

The plaintiff also urges the disallowance of certain of the defendant's exceptions for various reasons, none of which involve either the correctness of the transcript or the correctness of the statement of the exceptions as actually taken. In this proceeding the validity of the exceptions is not in question, but only the correctness of them. Whether any of said exceptions is of any avail to the defendant is a question which will later be determined, and the plaintiff's objections to the establishment of the truth of the defendant's exceptions must be overruled.

*John W. Hogan,* for plaintiff.

*William A. Morgan, Edwards & Angell,* for defendant.

*William A. Morgan, Seeber Edwards, Francis B. Keeney,* of counsel.